# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1275
Lower Tribunal No. F98-28317
_____

**Anthony Fail,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura María González-Marquéz, Judge.

Anthony Fail, in proper person.

James Uthmeier, Attorney General, for appellee.

Before EMAS, LOBREE and BOKOR, JJ.

PER CURIAM.

Affirmed. See Wainwright v. State, 411 So. 3d 392, 399-401 (Fla. 2025) (holding that the United States Supreme Court's decision in Erlinger v. United States, 602 U.S. 821 (2024) does not apply retroactively to a sentence that was already final at the time Erlinger issued); see also Arias v. State, 413 So. 3d 999, 999 (Fla. 3d DCA 2025) (affirming order denying motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a); observing "that the purported error was unpreserved and is not apparent on the face of the record, and even more significantly, '[n]o Court of Appeals, let alone [the Supreme Court], has held that Apprendi has retroactive effect,' Harris v. United States, 536 U.S. 545, 581, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (Thomas, J., dissenting), and the Florida Supreme Court has rejected this ground for relief in at least two reported postconviction cases") (citing Ford v. State, 402 So. 3d 973, 981 (Fla. 2025) (noting that "Erlinger was a direct-appeal case—not a postconviction case like Ford's—and it involved required jury findings regarding an element. Based on these fundamental distinctions, it is clear that Erlinger provides no support for vacating Ford's death sentences.")).